[No. 15439.    Department Two.    April 6, 1920.]

CLARA J. CURTIS, *Respondent*, v. EDWARD S. CURTIS, ·
*Appellant.*[1]

DIVORCE (80)—DIVISION OF PROPERTY. A decree awarding the wife
a business which was the chief asset of the parties, approved, where
the debts against it were almost equal to its value, the husband had
given it very little attention for several years, and the wife could
probably run it successfully.

SAME (67)—ALIMONY—AMOUNT—SUPPORT OF CHILD. Upon grant-
ing a divorce to a wife and awarding her a business which is the
chief asset of the parties, alimony in the sum of $100 per month
will, under the circumstances, be modified so as to require the
payment of but $50 per month for the support of a child during
minority, reserving the right to increase or decrease it.

Appeal from a judgment of the superior court for
King county, Dykeman, J., entered June 24, 1919, upon
findings in favor of the plaintiff, in an action for
divorce, tried to the court.    Modified.

*Herr, Bayley & Croson* and *Walter S. Fulton*, for ap-
pellant.

*J. W. Bryan*, for respondent.

BRIDGES, J.—The trial court entered its decree grant-
ing a complete divorce to the plaintiff from the defend-
ant.    It awarded to the plaintiff the care and custody
of the minor child, Catherine Curtis, now about ten
years old; all the other children are of lawful age.
The decree also awarded to the plaintiff, among other
things, the Curtis Studio, located in the city of Seattle,
Washington, together with all its equipment, good will,
business, contracts and accounts.    It also requires the
defendant to make payment of $100 per month for
the support of the plaintiff and her minor child.

[1]Reported in 188 Pac. 771.

The defendant has appealed. He complains only with regard to the distribution of the property. He is particularly dissatisfied with those portions of the decree which give the studio to the respondent and require him to make monthly payment of $100 for her support and that of the child. He contends that the studio is the only going business the parties have, and that its name is its chief asset; that respondent will not be able to operate the business successfully and that it will become a complete loss. On the contrary, respondent contends that she can successfully operate the property and will have great need of the revenues derived therefrom.

We have carefully read and considered the testimony. Therefrom it appears that the net value of all of the property of the parties is small. The studio constitutes the chief asset, and the debts against it are now almost equal to its value. The appellant, for several years past, has given very little attention to it; he has given most of his time to other labors. The respondent has had some experience in this kind of work and we see no reason why she should not be able to run this studio successfully. It would serve no good purpose to review in detail this unfortunate affair. Suffice it to say that we are satisfied to affirm all parts of the decree except that portion with reference to the monthly payments in cash. There is already a great deal of bitterness between these parties, and this portion of the decree will likely continue and, if possible, increase such feeling. Whatever cash payments are made should be only for the support of the child during its minority, or until the further order of the court; such payments should be made to the respondent while she has the care and custody of the child.

We think the monthly payments should henceforth, after the filing of the remittitur, be in the sum of $50,

the court reserving the right to increase or decrease such amount at any time during the minority of the child. The lower court is directed to make its decree conform herewith, and, as so amended, it is affirmed. Each party shall pay his or her own costs of this appeal. Respondent's request for an attorney's fee on this appeal is denied.

Holcomb, C. J., Fullerton, Tolman, and Mount, JJ., concur.